IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEMEDY, INC.,<br><br>                  *Plaintiff*,<br><br>  v.<br><br>THE CARLYLE GROUP INC., CARLYLE INVESTMENT MANAGEMENT LLC, CARLYLE PARTNERS VII, L.P., CARLYLE PARTNERS VIII, L.P., TWO SIX LABS HOLDINGS, INC., TWO SIX LABS, LLC, IST RESEARCH, LLC, TWO SIX TOPCO HOLDINGS, INC., AND TWO SIX TECHNOLOGIES HOLDINGS INC.,<br><br>                  *Defendants*. | C.A. No. _____ |

**DEFENDANTS' MOTION FOR LEAVE TO FILE**
**NOTICE OF REMOVAL AND EXHIBITS THERETO UNDER SEAL**

Defendants The Carlyle Group Inc., Carlyle Investment Management LLC, Carlyle Partners VII, L.P., Carlyle Partners VIII, L.P., Two Six Labs Holdings, Inc., Two Six Labs, LLC, IST Research, LLC, Two Six Topco Holdings, Inc., and Two Six Technologies Holdings Inc. ("Defendants"), respectfully move for leave to file their Notice of Removal of the action filed by Plaintiff Gemedy, Inc. ("Gemedy" or "Plaintiff," and together with Defendants, the "Parties") in the Court of Chancery of the State of Delaware and certain exhibits thereto under seal. The bases for this Motion are set forth below.

       1.      Gemedy filed this action on January 20, 2023 in the Court of Chancery of the State of Delaware in Civil Action No. 2023-0066-SG alleging trade secret misappropriation against

Carlyle and Two Six.  Gemedy filed its Complaint under seal and, on January 30, 2023, filed a redacted version of the Complaint.  *See* C.A. No. 2023-0066-SG at D.I. 5.

2. Concurrently with this Motion, Defendants are filing a Notice of Removal of this action pursuant to 28 U.S.C. §§ 1442(a)(l) and 1446.  Defendants' Notice of Removal quotes from, describes, and attaches the sealed version of the Complaint and certain confidential contracts.  *See* Notice of Removal Exs. A, D-F, H-K.

3. The Notice of Removal and the attached sealed version of the Complaint contain and refer to allegations regarding confidential information related to several of the Parties' research and development of cybersecurity technologies for United States federal agencies, including references to and descriptions of intellectual property related to that work.

4. The Notice of Removal quotes and refers to several contracts and other events that contain or involve confidential information related to the aforementioned work.  The Notice of Removal also attaches several confidential contracts between the Parties and other entities related to that work.

5. The presumption of public access is overcome where the material sought to be protected is (1) "the kind of information that courts will protect[,]" and (2) "disclosure will work a clearly defined and serious injury to the party seeking closure."  *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted); *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988) (recognizing that the right of access to judicial proceedings and records "is not absolute" and stating that "[c]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing.").

6.      The Notice of Removal and Exhibits A, D-F, H-K thereto include information that the Parties (and parties to the confidential contracts attached to the Notice of Removal) agreed to maintain as confidential and "disclosure will work a clearly defined and serious injury to the party seeking closure."  It is well-established that parties have a "legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public." *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007).  Public disclosure of information parties have agreed to keep confidential may "dampen [the party's] ability to negotiate effectively favorable terms" in the future and cause it to "suffer a competitive injury by having its [c]onfidential [i]nformation disclosed to the public." *Id.*  Moreover, if Defendants disclosed the material Gemedy designated as confidential in the Complaint or the documents referred to therein, Gemedy might claim that Defendants violated their obligation to maintain that information as confidential.

7.      Defendants therefore seek leave to file their Notice of Removal and Exhibits A, D-F, H-K thereto under seal.

8.      Defendants will file public versions of the Notice of Removal and Exhibits A, D-F, H-K thereto with the confidential information redacted, within seven (7) days of this motion being granted.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that they be permitted to file and maintain the Notice of Removal and Exhibits A, D-F, H-K thereto under seal, and respectfully requests that the Court enter the Proposed Order submitted herewith.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Patrick D. Curran, Esquire<br>QUINN EMANUEL URQUHART<br>   & SULLIVAN, LLP<br>111 Huntington Avenue, Suite 520<br>Boston, MA  02199<br>(617) 712-7100<br><br>Michael B. Carlinsky<br>QUINN EMANUEL URQUHART<br>   & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br><br>Kevin P.B. Johnson<br>QUINN EMANUEL URQUHART<br>   & SULLIVAN, LLP<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, CA  94065<br>(650) 801-5000<br><br>February 13, 2023 | MORRIS NICHOLS ARSHT & TUNNELL LLP<br><br>*/s/ Jack B. Blumenfeld*<br>Jack B. Blumenfeld (#1014)<br>William M. Lafferty (#2755)<br>Ryan D. Stottmann (#5237)<br>Alexandra M. Cumings (#6146)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>wlafferty@morrisnichols.com<br>rstottmann@morrisnichols.com<br>acumings@morrisnichols.com<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I, Alexandra M. Cumings, hereby certify that on February 13, 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

Additionally, I caused copies of the foregoing to be served via electronic mail and Federal Express to counsel for Plaintiff in *Gemedy, Inc. v. The Carlyle Group Inc., et al.,* C.A. No. 2023-0066-SG (Del. Ch.) at the following address:

> C. Barr Flynn, Esquire
> Alberto E. Chávez, Esquire
> Nehama L. Hanoch, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> Rodney Square
> 1000 North King Street
> Wilmington, DE  19801
>
> Edward J. Naughton, Esquire
> BROWN RUDNICK LLP
> One Financial Center, 18th Floor
> Boston, MA  02111

> */s/ Jack B. Blumenfeld*
> Jack B. Blumenfeld (#1014)