IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEMEDY, INC.,<br><br>  Plaintiff<br><br>  v.<br><br>THE CARLYLE GROUP INC., CARLYLE INVESTMENT MANAGEMENT LLC, CARLYLE PARTNERS VII, L.P., CARLYLE PARTNERS VIII, L.P., TWO SIX LABS HOLDINGS, INC., TWO SIX LABS, LLC, IST RESEARCH, LLC, TWO SIX TOPCO HOLDINGS, INC., and TWO SIX TECHNOLOGIES HOLDINGS, INC.,<br><br>  Defendants. | Civil Action No. 23-157-CFC |

Comrie Barr Flinn, Alberto E. Chavez, YOUNG, CONAWAY, STARGATT & TAYLOR LLP, Wilmington, Delaware; Mark L. D. Wawro, Max L. Tribble, SUSMAN GODFREY, LLP, Houston, Texas; Tamar Lusztig, SUSMAN GODFREY, LLP, New York, New York

  *Counsel for Plaintiff*

Jack B. Blumenfeld, Alexandra M. Cumings, Ryan D. Stottmann, William M. Lafferty, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Michael B. Carlinsky, QUINN EMANUEL URQUHART & SULLIVAN, LLP, New York, New York; Kevin P.B. Johnson, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Redwood Shores, California; Patrick D. Curran, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Boston, Massachusetts

  *Counsel for Defendants*

ii

## MEMORANDUM OPINION

September 29, 2023
Wilmington, Delaware

                                              COLM F. CONNOLLY
                                              CHIEF JUDGE

Plaintiff Gemedy, Inc. filed this action in the Court of Chancery of the State of Delaware, alleging that Defendants The Carlyle Group Inc., Carlyle Investment Management LLC, Carlyle Partners VII, L.P., Carlyle Partners VIII, L.P., Two Six Labs Holdings, Inc., Two Six Labs, LLC, IST Research, LLC, Two Six Topco Holdings, Inc., and Two Six Technologies Holdings Inc. misappropriated Gemedy's trade secrets in violation of the Delaware Uniform Trade Secrets Act (DUTSA). D.I. 2 ¶¶ 1–2. Defendants removed the case to this Court on the basis of the federal officer removal statute, 28 U.S.C. § 1442(a)(1). D.I. 2 ¶ 2.

Gemedy has moved pursuant to § 1447(c) to remand the case back to the Court of Chancery for lack of subject matter jurisdiction. D.I. 20; *see also* § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

I. **BACKGROUND**[1]

The trade secrets Gemedy accuses Defendants of misappropriating consist of source code and technical improvements for a software platform Gemedy

---

[1] The following facts are taken from the Notice of Removal and the Complaint (which was attached to the Notice). "Because a motion to remand shares an essentially identical procedural posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is properly evaluated using the same analytical approach." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805,

developed between 2012 and 2022 as a Department of Defense contractor for cyberwarfare programs. D.I. 2-1 ¶ 6. Those programs are referred to collectively in the Complaint as "IKE/JCO." D.I. 2-1 ¶¶ 2–3. Defendant Two Six Labs, LLC (Two Six Labs) also worked as a contractor on the IKE/JCO programs, and in that capacity, it gained access to Gemedy's intellectual property. Gemedy alleges that this property constituted trade secrets and that it had contractual agreements with Two Six Labs that prohibited Two Six Labs from using this intellectual property for anything other than IKE/JCO programs. D.I. 2-1 ¶¶ 7, 33–34, 60, 66, 79–80, 150, 179.

In early 2021, Defendants The Carlyle Group Inc. and Carlyle Investment Management LLC acquired Two Six Labs. D.I. 2-1 ¶¶ 18, 97. Gemedy alleges that after the acquisition, Defendants "knowingly and illicitly" used the trade secrets Gemedy had shared with Two Six Labs to develop new "derivative" projects and products pursuant to contracts Two Six Labs had with various federal agencies, including the U.S. Space Force, the Federal Bureau of Investigation

---

811 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the [notice of removal], and it requires the court to consider the allegations . . . as true." *Id.* (alterations in original). "A factual attack, in contrast, disputes the factual allegations underlying the assertion of jurisdiction, and involves the presentation of competing facts." *Id.* (quotation marks omitted). Gemedy challenges jurisdiction facially, so I have construed the facts in the removal notice in the light most favorable to Defendants. *See id.*

2

(FBI), and the Department of Justice's National Cyber Investigative Joint Task Force (NCIJTF). D.I. 2-1 ¶¶ 4, 115, 116, 162–163, 168.

## II. DISCUSSION

Gemedy argues that I lack subject matter jurisdiction over the case because it has alleged only state law claims in its Complaint. D.I. 21 at 1. Defendants argue that I have mandatory jurisdiction over the case under the federal officer removal statute. D.I. 2 ¶ 9. That statue reads in relevant part:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

In *Mesa v. California*, 489 U.S. 121, 125 (1989), the Supreme Court held that the statute's "act under color of such office" phrase "impose[s] a requirement that some federal defense be alleged by the [person] seeking removal." Accordingly, to remove a case under § 1442(a)(1), a defendant must establish four

3

things:

> (1) the defendant is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct "acting under" the United States, its agencies, or its officers; (3) the plaintiff's claims against the defendant are "for, or relating to" an act under color of federal office; and (4) the defendant raises a colorable federal defense to the plaintiff's claims.

*Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 812 (3d Cir. 2016) (alterations removed and citations omitted). Defendants argue that all four requirements are met for Gemedy's claims against Two Six Labs.[2] D.I. 2 ¶¶ 14–19; D.I. 30 at 8–9, 12, 15. I address each requirement in turn, keeping in mind that "[u]nlike the general removal statute, the federal officer removal statute is to be 'broadly construed' in favor of a federal forum." *Papp,* 842 F.3d at 811 (quoting *In re Commonwealth's Motion to Appoint Couns. Against or Directed to Def. Ass'n of Philadelphia*, 790 F.3d 457, 466–67 (3d Cir. 2015), as amended (June 16, 2015)).

### A.   Two Six Labs is A Person Under § 1442

Gemedy does not dispute that Two Six Labs is a "person" under § 1442. D.I. 2 ¶ 14; D.I. 21 at 8 n.17. And as an LLC, Two Six Labs qualifies as "a

---

[2] Gemedy does not dispute in its Reply Brief (D.I. 39) Defendants' assertion that federal jurisdiction over one claim against one defendant is sufficient to remove the whole action, *see* D.I. 30 at 9 n.6 (citing *Evans v. Foster Wheeler Energy, Corp.*, 2016 WL 452310, at *3 (D. Del. Feb. 5, 2016) ("Th[is] entire action is removable if one defendant shows that it is entitled to removal as to a single claim.")).

4

person" under the statute. *See Papp*, 842 F.3d at 812 ("Because § 1442(a)(1) does not itself define the term 'person,' we look to § 1 of Title I of the United States Code, which defines 'person' to 'include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals.'")

### B. Two Six Labs Was "Acting Under" A United States Agency

"The 'acting under' requirement, like the federal removal statute overall, is to be liberally construed to cover actions that involve an effort to *assist*, or to help *carry out*, the federal supervisor's duties or tasks." *Papp*, 842 F.3d at 812 (some internal quotation marks removed and citations omitted). When "'the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete,' that contractor is 'acting under' the authority of a federal officer." *Id.* (quoting *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. 2012)). The "complained-of conduct" need not be done "at the behest of the federal officer or agency." *Id.* at 813. Rather, the question of whether the defendant acted under color of a federal office turns on the relationship between the party and the federal government. *Defender Ass'n*, 790 F.3d at 470.

Two Six Labs' derivative projects and products were developed for and provided to various federal agencies pursuant to a contractual relationship with those agencies. *See, e.g.,* D.I. 2-1 ¶¶ 162, 163, 165, 168. Accordingly, Defendants satisfy the second requirement for jurisdiction under § 1442(a)(1).

### C.  Gemedy's Claims Relate to An Act Under Color of Federal Office

"[I]n order to meet the 'for or relating to' requirement, it is sufficient for there to be a connection or association between the act in question and the federal office." *Papp*, 842 F.3d at 813.  Here, the requisite connection exists for the same reason Defendants satisfied § 1442(a)(1)'s second requirement—Two Six Labs developed and provided the projects and products in question for and pursuant to contracts it had with various federal agencies. *See, e.g.,* D.I. 2-1 ¶¶ 162, 163,165, 168.

### D.  Defendants Raise a Colorable Federal Defense

"[A] defense is colorable for purposes of determining jurisdiction under Section 1442(a)(1) if the defendant asserting it identifies facts which, viewed in the light most favorable to the defendant, would establish a complete defense at trial." *Papp*, 842 F.3d at 815.  Defendants allege in their Notice of Removal that they "will raise 'multiple' colorable federal defenses." D.I. 2 ¶ 19.  They do not explain with specificity or even in a coherent fashion most of these purported defenses; and, to the extent I can understand the alleged defenses, most of them are irrelevant because they are directed to the use of Gemedy's trade secrets for the IKE/JCO programs as opposed to for what the Complaint calls "derivative" projects and products. (The Complaint does not allege that Defendants misappropriated Gemedy's trade secrets for use in IKE/JCO programs.  D.I. 39 at 1 n.1.)

6

Defendants do, however, allege in their removal notice that the federal government had "unlimited rights" in the intellectual property Gemedy disclosed in connection with the IKE/JCO programs and that the government, through two Cooperative Research and Development Agreements—one between Two Six Labs and the Defense Advanced Research Projects Agency, and the other between Two Six Labs and the Air Force Research Laboratory—assigned to Two Six Labs "the irrevocable nonexclusive right to use" Gemedy's intellectual property "for any purpose, including for commercial purposes, and to authorize others to do so." D.I. 2-8 at 10; *see also* D.I. 2 ¶ 26; D.I. 2-1 ¶¶ 65-67.  This allegation, if proven at trial, would constitute a complete defense to Gemedy's DUTSA claims, because those claims require Gemedy to establish that Defendants acquired Gemedy's trade secrets "by improper means," *Wayman Fire Prot., Inc. v. Premium Fire & Sec., LLC*, 2014 WL 897223, at *13 (Del. Ch. Mar. 5, 2014).  Accordingly, Defendants have met the fourth requirement for jurisdiction under § 1442.

## III.  CONCLUSION

For the reasons stated above, Defendants have met their burden to establish the propriety of their removal of this action under § 1442(a)(1).  Accordingly, I will deny Gemedy's Motion to Remand (D.I. 20).

The Court will issue an Order consistent with this Memorandum Opinion.