IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEMEDY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 23-157-CFC-SRF |
| ) | |
| THE CARLYLE GROUP INC., ) | |
| CARLYLE INVESTMENT ) | |
| MANAGEMENT LLC, CARLYLE ) | |
| PARTNERS VII, L.P., CARLYLE ) | |
| PARTNERS VIII, L.P., TWO SIX LABS ) | |
| HOLDINGS, INC., TWO SIX LABS, LLC, ) | |
| 1ST RESEARCH, LLC, TWO SIX TOPCO ) | |
| HOLDINGS, INC., and TWO SIX ) | |
| TECHNOLOGIES HOLDINGS INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington this **5th** day of **February, 2024**, the court having considered the letter briefing on the parties' competing discovery motions, (D.I. 118; D.I. 119; D.I. 120; D.I. 121), IT IS ORDERED that the parties' discovery motions are addressed as follows:

1. **Plaintiff's proposed ESI Order.** Plaintiff's request for the entry of its proposed ESI Order at D.I. 118, Ex. 5 is DENIED, and Defendants' request for the entry of an ESI Order in the form proposed at D.I. 120, Ex. F is GRANTED. Plaintiff's concern is that, without the entry of its proposed ESI Order, Defendants need not preserve ESI maintained in five specific applications: Slack, Confluence, Jira, Git/GitHub, and Google Calendar.[1] (D.I. 118 at 2) Plaintiff concedes that the version of the proposed ESI Order attached to its moving submission

---

[1] The parties did not separately address data from Google Calendar in their correspondence leading up to this dispute. Nonetheless, the issue is a moot point in light of the court's ruling on this issue.

was not vetted through the meet and confer process, despite the fact that the parties engaged in two meet and confers and had more than a month between the time the Joint Motion for Discovery Dispute was filed and the deadline for submission of opening letter briefs to exchange any new proposals. (*Id.* at 2 n.3; D.I. 103; D.I. 105); *see Leader Techs. Inc. v. Facebook Inc.*, C.A. No. 08-862-JJF-LPS, 2009 WL 3021168, at *2 n.2 (D. Del. Sept. 4, 2009) (reminding the parties that, "by the time they contact the Court to schedule a teleconference to resolve a discovery dispute, there should be no ambiguity between the parties as to what the dispute is and as to the precise relief being sought by the complaining party.").

2. In response, Defendants confirm that defendant Two Six already preserved snapshots of the identified databases in May and June of 2023, and Plaintiff has not identified any deficiency in Defendants' preservation efforts or any additional information required to be preserved under Plaintiff's proposal, despite Defendants' repeated inquiries. (D.I. 120 at 4; Ex. H at 2-6) Defendants plausibly argue that "[d]ata necessarily evolves as Defendants use these systems in their day-to-day business," making ongoing preservation efforts more complex and potentially burdensome. (*Id.*)

3. Plaintiff's moving submission does not acknowledge Two Six's production or articulate what more is requested from Defendants, and the parties' correspondence during the meet and confer process confirms that Plaintiff declined to engage with Defendants on the form that any ongoing preservation efforts should take. (*Id.*, Ex. H at 2-3) Plaintiff's proposed removal of certain language from Schedule A of the Delaware Default Standard is also unsupported, as it goes beyond data from the five identified applications Plaintiff identified as the heart of this dispute. (*Compare* D.I. 118 at 3 n.5 *with* D.I. 120 at 4 (confirming that Slack is a centralized messaging system not implicated by the restrictions identified in Schedule A of the

Default Standard)). Consequently, Plaintiff's requested relief is DENIED. Defendants' request for the entry of their proposed ESI Order, which is consistent with the Delaware Default Standard, is GRANTED.

4. **Plaintiff's proposed Protective Order.** Plaintiff's request for the entry of its proposed protective order at D.I. 118, Ex. 18, which governs the production of documents and source code subject to government and third-party restrictions, is DENIED. With respect to third-party confidentiality obligations, the operative Protective Order provides adequate procedures. (D.I. 100) Section 11 of the Protective Order, which governs the production of protected material of non-parties, provides that the material may be produced if Plaintiff provides notice to the non-party and the non-party fails to object or seek a protective order from the court within fourteen days of receiving notice. (*Id.* at § 11) The protective order Plaintiff now proposes would lengthen a non-party's time to object to twenty-one days. (D.I. 118, Ex. 18 at ¶ 4) As it pertains to non-party confidential information, Plaintiff's proposal is redundant and inconsistent with the Protective Order already in place, and implementing the new proposal would only result in confusion and delay.

5. Plaintiff also argues that it cannot produce certain IKE/JCO source code files and related technical data, documents, and correspondence that reflect Controlled Unclassified Information ("CUI") and/or For Official Use Only ("FOUO") government designations. (D.I. 118 at 3) According to Plaintiff, this information may only be produced in accordance with an appropriate court order under the applicable provisions of the Code of Federal Regulations. (*Id.* at 3-4)

6. Defendants respond that there is no bar against producing CUI without a court order under the regulations and the executive order governing CUI, and § 14.4 of the existing

Protective Order in this case offers sufficient protection. (D.I. 120 at 2) Defendants suggest that Plaintiff raises this issue now to delay the case, noting that Plaintiff did not express similar concerns about the disclosure of CUI when describing CUI in the pleading and trade secret disclosure, negotiating the existing Protective Order, or responding to Defendants' requests for production. (*Id.* at 2-3)

7. Plaintiff has not satisfied its burden of showing good cause for the issuance of the proposed protective order placing conditions and restrictions on the production of CUI. *See Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 183 (D. Del. 2010) ("A party seeking a protective order bears the burden of showing good cause for its issuance."). As Plaintiff confirms, 32 C.F.R. § 2002.16(c)(1) provides that an authorized holder (in this case, Plaintiff) "must reasonably expect that all intended recipients have a lawful Government purpose to receive the CUI" before disseminating it. 32 C.F.R. § 2002.16(c)(1). The regulations define "lawful Government purpose" to include "any activity, mission, function, operation, or endeavor that the U.S. Government authorizes or recognizes as within the scope of . . . the legal authorities of non-executive branch entities[.]" 32 C.F.R. § 2002.4(bb). Furthermore, "non-executive branch entity" is defined to include "[e]lements of the legislative or judicial branches of the Federal Government[.]" 32 C.F.R. § 2002.4(gg). Thus, Plaintiff may disseminate CUI to Defendants for the lawful government purpose of participating in the instant federal court proceeding. *See Superior Graphite Co. v. Campos*, 2020 WL 5210841, at *5 (N.D. Ill. Sept. 1, 2020) (compelling discovery despite confidentiality claim due to U.S. government contracts based on the conclusion that those contracts did not trump the Federal Rules of Civil Procedure).

8. In support of its position that a court order is necessary, Plaintiff cites 32 C.F.R. § 2002.16(a)(7)(ii), which provides that "[a]gencies need not enter a written agreement when they

4

share CUI with . . . [a] court of competent jurisdiction, or any individual or entity when directed by an order of a court of competent jurisdiction[.]" As Defendants observe, however, this provision does not apply to Plaintiff because Plaintiff is not a government agency, and it is the only provision in the CUI regulations that references a requirement for a court order. (D.I. 120 at 2 n.2) Plaintiff's position is not sufficiently supported by the plain language of the CUI regulations.

9. Section 14.4 of the operative Protective Order also offers sufficient protection for the disclosure of CUI by broadly requiring the receiving party "not to knowingly disclose, export, reexport, or transfer any Protected Material, or parts thereof, from any Producing Party without first obtaining all required United States or any other applicable authorizations or licenses." (D.I. 100 at § 14.4(a))

10. The timing of Plaintiff's request for relief undercuts Plaintiff's position that the CUI cannot be disclosed to Defendants without the issuance of a court order. Plaintiff's original complaint, which was filed in the Delaware Court of Chancery on January 20, 2023 and removed to this court on February 13, 2023, confirms that Defendants' alleged misappropriation of hundreds of thousands of lines of IKE/JCO source code and related documents are at the heart of Plaintiff's case. (D.I. 2, Ex. A at ¶ 3; *see also* D.I. 55 at ¶ 3) The record before the court confirms that Plaintiff understood the production of its IKE/JCO source code would be necessary, and Plaintiff indicated it would produce the code. (D.I. 120, Ex. A at 3) Nonetheless, Plaintiff did not disclose any regulatory confidentiality obligations when it negotiated the terms of the operative Protective Order, despite raising other disputes governing the production and use of source code during that process. (D.I. 92; D.I. 100; D.I. 118, Ex. 4 at 30) Instead, Plaintiff

5

raised the issue for the first time on December 2, 2023, four days after Defendants requested that the source code be made available for inspection. (D.I. 118, Ex. 4 at 28, 30)

**11. Defendants' motion to compel Plaintiff to serve an amended identification of alleged trade secrets ("TSI").** Defendants' motion to compel Plaintiff to serve an amended TSI before Plaintiff can take discovery of Defendants' technical information is DENIED without prejudice. (D.I. 119) As a preliminary matter, the sufficiency of Plaintiff's TSI is a matter that is currently pending before the assigned District Judge in a fully briefed motion to dismiss for failure to state a claim. (D.I. 66; D.I. 67) Defendants' own cited case authority supports a conclusion here that resolution of the issue by way of dispositive motion is more appropriate. *Superior Graphite Co. v. Campos*, 2020 WL 5210841, at *4 (N.D. Ill. Sept. 1, 2020). There, the court observed that "ordinarily a party challenges the particularity of a Plaintiff's trade secret through a motion to dismiss or for summary judgment," and "[a] discovery squabble is no place to litigate the ultimate issue in a case. And trying to avoid discovery altogether could not be more unfair and is hopelessly inconsistent with the discovery principles underlying Rule 26[.]" *Id.*

**12.** The court also finds, in the exercise of its discretion, that staying technical discovery unless and until a more specific TSI is served is not warranted under the circumstances of this case. This case is based on Plaintiff's allegations that defendant Two Six had access to Plaintiff's IKE/JCO source code pursuant to a license agreement, and when Two Six was subsequently acquired by the Carlyle defendants, Defendants collectively misappropriated Plaintiff's source code. (D.I. 55 at ¶ 7) Plaintiff avers that its source code contains trade secrets and is subject to restricted protocols for its access and use. (*Id.*) And Plaintiff's TSI describes and categorizes its alleged trade secrets in a list of 644 bullet points spanning 48 pages, with

6

further details provided in its 57-page interrogatory response. (D.I. 55, Ex. A; D.I. 119, Ex. H) These circumstances are analogous to the court's decision in *HID Global Corp. v. Vector Flow, Inc.*, C.A. No. 21-1769-VAC-JLH (D. Del. May 31, 2022) (attached at D.I. 121, Ex. 2 at 13-14), which concluded that the trade secrets were identified with sufficient particularity to allow discovery to proceed, finding that the degree of particularity that is required depends on the nature of the claims and the alleged trade secrets at issue.

13. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

   (i) Plaintiff's request for the entry of its proposed ESI Order at D.I. 118, Ex. 5 is DENIED, and Defendants' request for the entry of an ESI Order in the form proposed at D.I. 120, Ex. F is GRANTED. The parties shall file Defendants' form of ESI Order separately on the docket for the court's signature;

   (ii) Plaintiff's request for the entry of its proposed protective order at D.I. 118, Ex. 18 is DENIED;

   (iii) Defendants' motion to compel Plaintiff to serve an amended TSI is DENIED; and

   (iv) Defendants' request for a stay of all discovery related to Defendants' technical information pending receipt of Plaintiff's amended TSI is DENIED as moot.

IT IS FURTHER ORDERED that the discovery dispute teleconference set in this matter for February 6, 2024 at 10:00 a.m. is CANCELLED.

14. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **February**

**12, 2024**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

15. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

16. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge