**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GEMEDY, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE CARLYLE GROUP INC., CARLYLE INVESTMENT MANAGEMENT LLC, CARLYLE PARTNERS VII, L.P., CARLYLE PARTNERS VIII, L.P., TWO SIX LABS HOLDINGS, INC., TWO SIX LABS, LLC, IST RESEARCH, LLC, TWO SIX TOPCO HOLDINGS, INC., and TWO SIX TECHNOLOGIES HOLDINGS INC., <br><br> Defendants. | C.A. No. 23-cv-157-CFC-SRF |

**JOINT MOTION FOR TELECONFERENCE TO RESOLVE
<u>DISCOVERY DISPUTE</u>**

The parties respectfully move this Court to schedule a teleconference to address outstanding disputes regarding the following discovery matters:

1. Whether Defendants should be required, in response to Gemedy's Interrogatory No. 1, to identify the individuals that Defendants gave access to non-public source code, documentation, and technical data reflecting Gemedy's trade secrets, and why the access was given.

2. Whether Defendants should be required, in response to Gemedy's Interrogatory No. 2, to identify the products they have made, sold, and/or developed that implement and/or use Gemedy's trade secrets.

3. Whether Defendants should be required to produce documents in response to Gemedy's Request No. 43 to Two Six, which seeks documents regarding Two Six's effort to withhold IKE/JCO functionality developed by Gemedy from the Government.

4. Whether Plaintiff Gemedy should be required to identify, in response to Defendants' Interrogatories and on an individual basis for each of its alleged trade secrets:

    a. The basis for Gemedy's claim that any defendant purportedly misappropriated any of alleged trade secrets (Defendants' Interrogatory 2);

    b. The basis for Gemedy's claim that it purportedly derived independent economic value from each of its alleged trade secrets' not being generally known or readily ascertainable (Defendants' Interrogatory 5);

    c. The basis for Gemedy's claim that it granted the federal government less than unlimited rights in each of its alleged trade secrets (Defendants' Interrogatory 6); and

    d. The specific cost Gemedy claims to have incurred to develop each alleged trade secret, including what if any of that cost was purportedly self-funded by Gemedy (Defendants' Interrogatory 9).

5. Whether Plaintiff Gemedy should be required to supplement its document productions to provide accurate metadata for the metadata fields identified in Paragraph 3(e) of the Discovery of Electronically Stored Information Order (D.I. 128).

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in verbal meet-and-confers (by telephone) on the following dates:

<u>February 14, 2024 (as to Gemedy's Interrogatories and metadata issues)</u>

Delaware Counsel for Plaintiff: Michael Farnan

Lead Counsel for Plaintiff: Dinis Cheian

Delaware Counsel for Defendants: Alexandra Cumings

Lead Counsel for Defendants: Stacylyn Doore, Ryan Gorman, Steven Becker, Ogi Zivojnovic

<u>March 5, 2024 (as to Gemedy's Interrogatories, Request for Production, and Defendants' Interrogatories)</u>

Delaware Counsel for Plaintiff: Michael Farnan

Lead Counsel for Plaintiff: Dinis Cheian, Robert Greenfeld

Delaware Counsel for Defendants: Cameron Clark

Lead Counsel for Defendants: Stacylyn Doore, Ryan Gorman, Steven Becker

The parties are available for a teleconference on the following dates:

April 29, 2024;

April 30, 2024;

May 1, 2024.

Dated: April 15, 2024

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Alexandra Cumings (#6146)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
acumings@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants*