IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEMEDY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CARLYLE GROUP INC., ) <br> CARLYLE INVESTMENT ) <br> MANAGEMENT LLC, CARLYLE ) <br> PARTNERS VII, L.P., CARLYLE ) <br> PARTNERS VIII, L.P., TWO SIX LABS ) <br> HOLDINGS, INC., TWO SIX LABS, LLC, ) <br> 1ST RESEARCH, LLC, TWO SIX TOPCO ) <br> HOLDINGS, INC., and TWO SIX ) <br> TECHNOLOGIES HOLDINGS INC., ) <br> ) <br> Defendants. ) | Civil Action No. 23-157-CFC-SRF |

## MEMORANDUM ORDER

At Wilmington this **7th** day of **June, 2024**, the court having considered the letter briefing on the parties' competing discovery motions, (D.I. 218; D.I. 219; D.I. 221; D.I. 222), IT IS ORDERED that the parties' discovery motions are addressed as follows:

1. **Plaintiff's request for a four-month extension of fact discovery until October 21, 2024 is DENIED without prejudice.** Plaintiff's proposal would circumvent the court's ruling in October of 2023 placing the case on an expedited schedule and rejecting Plaintiff's request for twelve months of discovery. (D.I. 222, Ex. L at 13:6-16:20) Defendants alternatively propose a six-week extension of fact discovery, which would also require rescheduling the trial date. (D.I. 218 at 1 n.1, 3; D.I. 222 at 1) To the extent that the parties agree on a six-week extension of the discovery cutoff, and corresponding extensions of the remaining deadlines, they may file a stipulation to that effect for consideration by the assigned District Judge who set the trial date in the first instance.

**2. Plaintiff's request for an order overruling Defendants' global objection to providing discovery they unilaterally deem "unrelated" to Plaintiff's work is DENIED without prejudice.** Plaintiff fails to explain how an undefined and general directive to Defendants to comply with requirements that already exist under Rule 26, *i.e.*, relevance and proportionality, will advance discovery in a meaningful way. Plaintiff has been informed by the court on more than one occasion that case narrowing is fundamental to efficient case management. (D.I. 222, Ex. L at 15:2-10; D.I. 178 (ordering the parties to meet and confer on a plan "to avoid further disputes arising from discovery requests requiring each side to respond on each of the 643 separate trade secrets.")). Discovery is overloaded because the case has not been narrowed, and it remains Plaintiff's burden to define the contours of its trade secret case. (D.I. 205 at 2)

3. Plaintiff has not sufficiently explained how discovery extending beyond Plaintiff's contractual work on IKE/JCO is relevant and proportional to issues in this case regarding the alleged misappropriation of Plaintiff's trade secrets. Plaintiff's assertion that its trade secrets are incorporated into a broad range of Two Six products is not supported by the documents Plaintiff cites, even though Defendants have now produced source code and/or documents on a number of these products. (D.I. 222, Ex. F at 2, Ex. J at 1; D.I. 218, Ex. 15) Moreover, it is undisputed that broad discovery sought by Plaintiff shortly before the close of fact discovery will substantially delay the case schedule in a manner inconsistent with the court's ruling at ¶ 1, *supra*. (D.I. 222, Ex. 1 at 1)

4. The parties have a discrete dispute regarding Defendants' production of "Uruk" source code. (D.I. 518 at 2-3; D.I. 222 at 4) Defendants represented that they produced all of their Uruk source code in April of 2024, but Plaintiff maintains that Defendants have not

produced Uruk/Akuma code prior to January 2023, during a critical year of code development. (*Id.*) Following the submission of Plaintiff's opening letter, Defendants sent an email to Plaintiff confirming that, "[r]egarding Aukuma/Uruk, Defendants have now made available for inspection all related, historic repositories located after a reasonable investigation. We are also not currently aware of any other non-custodial data sources pertaining to Akuma/Uruk." (D.I. 222, Ex. J at 1) To the extent that this post-letter briefing production did not resolve Plaintiff's issue, the parties shall engage in a meet and confer and submit a status report to the court on or before June 14, 2024, limited to four pages. If a dispute remains pending after the meet and confer efforts, the parties shall attach competing proposed forms of orders as exhibits to the status report, without further briefing, and the court will resolve the matter on the papers submitted.

5. **Defendants' motion to compel Plaintiff to make Dr. Alexander Wissner-Gross available for at least four days of combined Rule 30(b)(1) and 30(b)(6) deposition time is GRANTED-IN-PART.** Rule 30(d)(1) provides that the court "must allow additional time" beyond the seven-hour deposition limit "if needed to fairly examine the deponent[.]" Fed. R. Civ. P. 30(d)(1). Here, the deponent created all 643 trade secrets at issue over the course of almost eight years,[1] he authored all the relevant documents and code, and he is the only witness designated to testify on Defendants' 30(b)(6) topics. (D.I. 219 at 1-2) Under similar circumstances, courts have granted deposition time beyond the seven-hour default at the outset, avoiding the need for a supplemental deposition and further disputes going forward. *See NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, C.A. No. 19-1031-RGA-SRF, D.I. 25 at 18:23-20:6 (D. Del. Nov. 15, 2019) (granting 14 hours of 30(b)(1) deposition time, not counting against

---

[1] Dr. Wissner-Gross is alleged to be the sole creator of 632 alleged trade secrets and co-created the remaining eleven with Tim Sullivan between December of 2014 and October of 2022. (D.I. 219 at 1-2; D.I. 205-2)

3

the 30(b)(6) deposition time, for witness who invented all 9 patents-in-suit and founded the company in a case covering a 12-year time period); *In re Intel Corp. Microprocessor Antitrust Litig.*, C.A. No. 05-441-JJF, 2008 WL 5377979, at *2 (D. Del. Dec. 18, 2008) (granting 2-3 days of deposition time for each witness in case covering 8-year period and thousands of documents personally authored by each witness). Consequently, Dr. Wissner-Gross shall be made available for three (3) days of combined Rule 30(b)(1) and 30(b)(6) testimony, without prejudice to Defendants to seek additional time should the need arise.

6. Plaintiff's challenges to the scope of the deposition topics propounded by Defendants are not properly before the court. (D.I. 221 at 1-2) Plaintiff's request for reciprocity in the length of Rule 30(b)(1) and 30(b)(6) depositions of Defendants' witnesses is also not ripe for resolution. (*Id.* at 3)

7. **Defendants' motion to compel Plaintiff to produce all responsive communications between Dr. Wissner-Gross and Tim Sullivan is GRANTED-IN-PART.** Defendants express concerns about the completeness of Plaintiff's search and production, which resulted in only a handful of communications being produced from a 10-year time period. (D.I. 219 at 3-4; Ex. D at 3) Plaintiff represents that it has produced all responsive email communications between Sullivan and Dr. Wissner-Gross, and there is nothing more to compel, without directing the court to any formal verification of this representation or addressing Defendants' inquiry about other non-email electronic communications, such as instant messages maintained in a server. (D.I. 221 at 4; D.I. 219, Ex. Q; D.I. 128 at Sched. A) Plaintiff also fails to explain why its most recent production included emails that hit on search terms Plaintiff claimed to have run months ago. (D.I. 219 at 3) Accordingly, on or before June 19, 2024, Plaintiff shall: (a) search for and produce any additional responsive communications between

4

Sullivan and Dr. Wissner-Gross from all custodial email accounts and non-email methods of communication, such as instant messaging platforms; and (b) provide written verification to Defendants that it has performed a thorough search and its production is complete.

8. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

   (i)   Plaintiff's request for a four-month extension of fact discovery until October 21, 2024 is DENIED without prejudice.

   (ii)  Plaintiff's request for an order overruling Defendants' global objection to providing discovery they unilaterally deem "unrelated" to Plaintiff's work is DENIED without prejudice.

   (iii) In the event that Defendants' June 5, 2024 production of Aukuma/Uruk, historic repositories did not resolve Plaintiff's issue regarding Defendants' source code production, the parties shall engage in a meet and confer and submit a status report to the court on or before **June 14, 2024**.

   (iv)  Defendants' motion to compel Plaintiff to make Dr. Alexander Wissner-Gross available for at least four days of combined Rule 30(b)(1) and 30(b)(6) deposition time is GRANTED-IN-PART. Dr. Wissner-Gross shall be made available for three (3) days of combined testimony.

   (v)   Defendants' motion to compel Plaintiff to produce all responsive communications between Dr. Wissner-Gross and Tim Sullivan is GRANTED-IN-PART. On or before **June 19, 2024**, Plaintiff shall: (a) search for and produce any additional responsive communications between Sullivan and Dr. Wissner-Gross from all custodial email accounts and non-email methods of communication, such as instant messaging platforms; and (b) provide written

verification to Defendants that it has performed a thorough search and its production is complete.

IT IS FURTHER ORDERED that the discovery dispute teleconference set in this matter for June 11, 2024 at 3:00 p.m. is CANCELLED.

9. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **June 14, 2024**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

10. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

11. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge