IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEMEDY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-157-CFC-SRF ) |
| THE CARLYLE GROUP INC., CARLYLE INVESTMENT MANAGEMENT LLC, CARLYLE PARTNERS VII, L.P., CARLYLE PARTNERS VIII, L.P., TWO SIX LABS HOLDINGS, INC., TWO SIX LABS, LLC, IST RESEARCH, LLC, TWO SIX TOPCO HOLDINGS, INC., and TWO SIX TECHNOLOGIES HOLDINGS INC., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this **27th** day of **August, 2024**, the court having considered the letter briefing on the parties' competing discovery motions, (D.I. 287; D.I. 288; D.I. 289; D.I. 290), IT IS ORDERED that the parties' discovery motions are addressed as follows:

**1. Plaintiff's motion to compel Defendants to produce certain Delivery Orders and related documents is DENIED without prejudice.** Plaintiff seeks damages discovery in support of its position that Defendants sold Plaintiff's trade secrets to the United States Government without authorization. The focus of the present dispute is on an Indefinite Delivery, Indefinite Quantity ("IDIQ") contract executed between defendant IST Research, LLC ("IST") and the U.S. Government on June 22, 2020. (D.I. 289, Ex. 5 - IDIQ Contract 47QFCA20D0004) The IDIQ broadly allows IST, a private contractor, to sell products pursuant to standalone subcontracts called Delivery Orders that are issued under the IDIQ to avoid the necessity of creating a new contract for every subcontract. (*Id.*, Ex. 3 at 102:1-21; Ex. 4 at 187:10-19; Ex. 6

at 53) The IDIQ at issue in this case allows the U.S. Government to purchase Pulse Platform software as a service ("SaaS")-based licenses and supplemental technical support services. (*Id.*, Ex. 5 at TWOSIX01832509)

**2.** Plaintiff moves to compel Defendants to produce all 22 Delivery Orders that were awarded after Carlyle acquired co-defendant Two Six Labs, LLC in February of 2021, along with documents relating to those Delivery Orders. (D.I. 287 at 2) According to Plaintiff, these documents will show how much of the $80 million received by Defendants under the Delivery Orders was attributable to Defendants' misappropriation of Plaintiff's trade secrets. (*Id.* at 1)

**3.** Defendants respond that only three Delivery Orders under the Pulse IDIQ relate to IKE/JCO, and these three Delivery Orders have been produced along with the associated documents. (D.I. 289 at 2) The three produced Delivery Orders relate to IKE/JCO because they contemplate the creation of an application to ingest Pulse data into IKE software. (D.I. 289, Ex. 1 at 36:12-37:1; Ex. 6 at 53-54) In contrast, Defendants contend that the 22 Delivery Orders sought by Plaintiff are irrelevant because they do not involve IKE/JCO-related services or other products integrating features of IKE/JCO. (*Id.* at 3)

**4.** Plaintiff has not established that production of the remaining 22 Delivery Orders and associated documents would be relevant or proportional to the needs of the case. Plaintiff focuses on three exhibits contemplating an integration of Pulse and IKE to support its argument that Defendants broadly attempted to sell Plaintiff's trade secrets under the Pulse IDIQ. (D.I. 287 at 3; Exs. 5, 7, 11) But, for purposes of the instant discovery dispute, the record before the court suggests that the integration of Pulse and IKE into a "PIKE" product never came to fruition. (D.I. 287, Ex. 2 at 164:5-167:4, 171:5-20; D.I. 289, Ex. 3 at 91:4-92:1; Ex. 4 at 199:9-11; Ex. 6 at 54; Ex. 8 at 43:3-14, 67:8-12) Despite the inclusion of extensive record evidence in

the parties' letter submissions, there is nothing to support Plaintiff's suggestion that the remaining 22 Delivery Orders are relevant to the trade secret claims, or that an integrated Pulse / IKE product generated revenue under the Pulse IDIQ. Defendants have expressly confirmed that such is the case in their second supplemental response to Interrogatory No. 21. (D.I. 289, Ex. 6 at 53-54) To the extent that the interrogatory response has not been verified under oath as required by Federal Rule of Civil Procedure 33(b)(3), the verification shall be provided on or before September 3, 2024.

5. **Plaintiff's motion for leave to supplement the damages expert report of Roy Weinstein is DENIED without prejudice.** Plaintiff requests leave to supplement the damages expert report of Roy Weinstein to include an analysis of the additional Delivery Orders and associated documents sought in the preceding request for relief. Having denied Plaintiff's request to compel the production of the additional Delivery Orders and associated documents, the court finds no basis to grant Plaintiff's request to supplement Weinstein's damages expert report.

6. **Defendants' motion to compel Plaintiff to produce unredacted copies of Dr. Wissner-Gross's notes is GRANTED-IN-PART.** The parties dispute whether the redacted material in Dr. Wissner-Gross's notes is properly withheld under the attorney-client privilege. (D.I. 288; D.I. 290) The court has considered the parties' letter submissions and unredacted versions of the notes submitted by Plaintiff for the court's *in camera* review.

7. "The attorney-client privilege protects communications between a client and an attorney related to the purpose of securing legal advice." *Idenix Pharms., Inc. v. Gilead Scis., Inc.*, 195 F. Supp. 3d 639, 642 (D. Del. 2016) (citing *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994)). The party asserting the privilege bears the burden of

3

demonstrating its applicability. *In re Grand Jury*, 705 F.3d 133, 160 (3d Cir. 2012). To satisfy this burden, the party asserting the privilege must demonstrate that the withheld material is "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purposes of obtaining or providing legal assistance for the client." *In re Chevron Corp.*, 650 F.3d 276, 289 (3d Cir. 2011).

**8.** The privilege protects only communications, and not facts. *Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981). The primary purpose of the communication must be to solicit or render legal advice, and merely sending a communication to an attorney or attaching a document to a privileged or protected communication does not automatically invoke the privilege. *Allscripts Healthcare, LLC v. Andor Health, LLC*, C.A. No. 21-704-MAK, 2022 WL 605347, at *1 (D. Del. Jan. 27, 2022). "[W]hen the communication between an attorney and non-legal personnel primarily relates to business concerns—as opposed to legal advice—the communication is not within the scope of attorney-client privilege." *Elm 3DS Innovations, LLC v. Samsung Elecs. Co., Ltd.*, C.A. No. 14-1430-LPS-JLH, 2021 WL 4819904, at *1 (D. Del. Oct. 15, 2021) (quoting *Immersion Corp. v. HTC Corp.*, C.A. No. 12-259-RGA, 2014 WL 3948021, at *1 (D. Del. Aug. 7, 2014)).

**9.** Defendants argue that Dr. Wissner-Gross's notes from meetings with third parties cannot reflect confidential attorney-client communications because the content of the notes was necessarily disclosed to third parties. (D.I. 288 at 2) In response, Plaintiff contends that Dr. Wissner-Gross routinely included pre-and post-meeting legal advice of counsel or his efforts to seek such legal advice within his contemporaneous meeting notes. (D.I. 290 at 3; Ex. 2 at ¶ 5) The court's analysis of each of the challenged documents is set forth in the chart below:

| DOCUMENT | DATE | ANALYSIS |
|---|---|---|
| D.I. 288, Ex. A<br>GEM00003735 | 3/24/2021 | GRANT Defendants' motion. Throughout the meeting notes, Dr. Wissner-Gross uses "A:" to indicate his answers to Two Six employee Ryan Paterson's questions during the meeting. There is no indication that the redacted portions fall outside that pattern or that they either convey or seek legal advice of counsel. Contrary to representations in Plaintiff's chart, the portions of the notes discussing nondisclosure agreement were never redacted. (D.I. 290, Ex. 1) |
| D.I. 288, Ex. B<br>GEM00003998 | 8/18/2022 | DENY Defendants' motion. The content of the redactions supports Plaintiff's representation that the redacted portions reflect legal advice of counsel on potential legal claims. |
| D.I. 288, Ex. C<br>GEM00007186 | 9/17/2018 | GRANT Defendants' motion. The placement of the redacted content before the heading "Notes from Call" does not support Plaintiff's representation that the redacted content constitutes post-meeting legal advice. (D.I. 290, Ex. 1) Moreover, the redacted content includes factual matter and business concerns, as opposed to legal advice. *See Elm 3DS Innovations, LLC v. Samsung Elecs. Co., Ltd.*, C.A. No. 14-1430-LPS-JLH, 2021 WL 4819904, at *1 (D. Del. Oct. 15, 2021). |
| D.I. 288, Ex. D<br>GEM00004062 | 10/27/2022 | DENY Defendants' motion. The content of the redactions supports Plaintiff's representation that the redacted portions reflect legal advice of counsel on potential legal claims. |
| D.I. 288, Ex. E<br>GEM00003834 | 2/25/2022 | DENY Defendants' motion. The redacted portion indicates that it is part of a separate file, and the content of the redactions supports Plaintiff's position that this excerpt reflects advice of counsel and/or efforts to obtain advice of counsel. |
| D.I. 288, Ex. F<br>GEM00004003 | 8/24/2022 | GRANT Defendants' motion. The content and structure of the redacted material supports a conclusion that it represents Dr. Wissner-Gross's reflections and thoughts on the factual subject matter of the meeting. There is no indication that these notes were an attempt to solicit legal advice. Moreover, there is no indication that the redacted content reflects the mental processes of counsel prepared in anticipation of litigation. *See In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661 (3d Cir. 2003). |
| D.I. 288, Ex. G<br>GEM00003117 | 9/29/2021 | GRANT Defendants' motion. The redacted content includes Dr. Wissner-Gross's reflections about the meeting. There is no indication that this content was an effort to obtain legal advice, and instead describes Dr. Wissner-Gross's understanding of the facts. (D.I. 290, Ex. 1) |
| D.I. 288, Ex. H<br>GEM00003961 | 7/8/2022 | GRANT Defendants' motion. The redacted content includes Dr. Wissner-Gross's reflections about the meeting. There is no indication that this content was an effort to obtain legal |

| | | advice, and Plaintiff's log does not indicate that these notes describe legal advice given by Brown Rudnick. (D.I. 290, Ex. 1) |
|---|---|---|
| D.I. 288, Ex. I GEM00003732 | 12/29/2020 | GRANT Defendants' motion. The redacted portions of the document do not reflect legal advice and instead describe factual occurrences and business concerns. *See Elm 3DS*, 2021 WL 4819904, at *1. |
| D.I. 288, Ex. J GEM00003105 | 9/3/2021 | GRANT Defendants' motion. There is no indication that the redacted comment in the meeting header is an effort to seek legal advice after the meeting with third parties. (D.I. 290, Ex. 1) |
| D.I. 288, Ex. K GEM00003298 | 12/3/2021 | GRANT-IN-PART Defendants' motion. The motion is GRANTED with respect to the redacted content on the first page, which summarizes Dr. Wissner-Gross's agenda for the call and describes business concerns. *See Elm 3DS*, 2021 WL 4819904, at *1. The motion is DENIED with respect to the redacted content on pages 3-4, which describes the terms of a potential agreement. |
| D.I. 288, Ex. L GEM00003806 | 1/24/2022 | GRANT Defendants' motion. The redacted content includes Dr. Wissner-Gross's notes in preparation for the call. The content addresses business concerns and does not reflect legal advice or efforts to obtain legal advice. *See Elm 3DS*, 2021 WL 4819904, at *1. |
| D.I. 288, Ex. M GEM00003934 | 6/10/2022 | DENY Defendants' motion. The redacted content precedes the call notes, and the subject matter of the redacted portion supports Plaintiff's position that the notes reflect pre-meeting communications with counsel seeking legal advice on potential claims. |
| D.I. 288, Ex. N GEM00003941 | 6/16/2022 | DENY Defendants' motion. The redacted content precedes the call notes, and the subject matter of the redacted portion supports Plaintiff's position that the notes reflect pre-meeting communications with counsel seeking legal advice on potential claims. |

**10. Conclusion.** For the foregoing reasons, IT IS ORDERED that:

- Plaintiff's motion to compel Defendants to produce certain Delivery Orders and related documents and its motion for leave to supplement the damages expert report of Roy Weinstein are DENIED without prejudice. (D.I. 287) To the extent that Defendants' response to Interrogatory No. 21 has not been verified under oath, the verification shall be provided on or before September 3, 2024.

- Defendants' motion to compel Plaintiff to produce unredacted copies of Dr. Wissner-Gross's notes is GRANTED-IN-PART. (D.I. 288) Specifically, the motion is GRANTED with respect to the documents found at D.I. 288, Exs. A, C, F-J, and L, and it is GRANTED-IN-PART with respect to D.I. 288, Ex. K as set forth in the foregoing chart. Plaintiff shall produce unredacted copies of these documents in accordance with this Memorandum Order upon the latter of the expiration of the objections period or a ruling on any objections by the District Judge. The motion is DENIED without prejudice in all other respects.
- IT IS FURTHER ORDERED that the discovery dispute teleconference set in this matter for August 29, 2024 at 10:00 a.m. is CANCELLED.

11. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **September 3, 2024**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**12.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**13.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge