IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEMEDY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-157-CFC-SRF |
| ) | |
| THE CARLYLE GROUP INC., ) | |
| CARLYLE INVESTMENT ) | |
| MANAGEMENT LLC, CARLYLE ) | |
| PARTNERS VII, L.P., CARLYLE ) | |
| PARTNERS VIII, L.P., TWO SIX LABS ) | |
| HOLDINGS, INC., TWO SIX LABS, LLC, ) | |
| IST RESEARCH, LLC, TWO SIX TOPCO ) | |
| HOLDINGS, INC., and TWO SIX ) | |
| TECHNOLOGIES HOLDINGS INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington this **3rd** day of **October, 2024**, the court having considered the parties' letter briefing on the pending discovery motions, (D.I. 295; D.I. 298), IT IS ORDERED that the discovery motions are addressed as follows:

1. **Procedural background.** This is the sixth round of discovery disputes addressed by the court since the case was referred to the undersigned judicial officer for discovery matters in November of 2023. (11/20/2023 Oral Order; D.I. 82; D.I. 105; D.I. 161; D.I. 213; D.I. 273; D.I. 282) Fact discovery closed on August 2, 2024, the deadline for expert discovery passed on September 23, 2024, and case dispositive motions are due on October 4, 2024. (D.I. 239) The case is scheduled to go to trial on January 13, 2025. (*Id.*)

2. **Plaintiff's motion to compel Defendants to provide access to the Two Six GitHub server within a controlled environment or, alternatively, to provide a complete set of audit logs through April 2024 on the GitHub Enterprise server, is DENIED without**

**prejudice.** Plaintiff alleges the IKE program's foundational source code incorporates Plaintiff's trade secrets. (D.I. 295 at 1) According to Plaintiff, Defendants deleted, moved, or altered source code that improperly used Plaintiff's trade secrets to develop the "IKE 2.0" initiative, and the requested discovery is necessary to assess potential spoliation. (*Id.*) Specifically, Plaintiff alleges that at least fifteen branches of code relating to IKE 2.0 were present in the 2022 Plan X Repository Plaintiff produced from Dr. Wissner-Gross, but these branches were missing from Defendants' production of the 2023 and 2024 Plan X Repositories, indicating that they were deleted between October of 2022 and April of 2023.[1] (*Id.* at 2)

**3.** Defendants confirm that the fifteen branches were deleted in October of 2022. Defendants quote evidence establishing that its engineers decided to clean up "stale branches" from the central IKE repository and notice of this plan was broadcast to the relevant individuals, including Plaintiff's principal, Dr. Wissner-Gross. (D.I. 298 at 1; Ex. 9 at 3; D.I. 295, Ex. 25) Dr. Wissner-Gross asked for a list of stale branches to be deleted and indicated that he did not object to the engineers moving forward with the deletion. (D.I. 298, Ex. 7 at 1; Ex. 8; D.I. 295, Ex. 24)

**4.** Although the fifteen branches were deleted on October 14, 2022, the record confirms that Defendants extracted a backup of their git enterprise server containing the centralized repository as it existed in August of 2022 and provided it to Plaintiff for inspection. (D.I. 295, Ex. 2 at 6, 18) Defendants also produced local backup repositories from September of 2022 and December of 2022 that contain the deleted branches and commits.[2] (*Id.*, Ex. 2 at 19; D.I. 298,

---

[1] A "branch" is a segment of code within a repository. A repository has one main branch but can also have other branches, allowing programmers to develop code in a branch and then merge the changes into other branches. (D.I. 295, Ex. 1 at ¶ 14)

[2] "Commits" are "records of changes to code in a specific branch of the source code repository." (D.I. 295, Ex. 1 at ¶ 15)

Ex. 3 at 122:10-123:21) There is no dispute that Dr. Wissner-Gross kept a copy of the 2022 Plan X Repository with all the relevant branches and commits when his access to Defendants' system was terminated on October 31, 2022. (D.I. 295 at 2) Plaintiff's assertion that Defendants spoliated source code is therefore unsupported, and there is no basis on this record to compel an inspection of the GitHub server containing information already made available to Plaintiff. *See Bistrain v. Levi*, 448 F. Supp. 3d 454, 465 (E.D. Pa. 2020) ("[S]poliation occurs only where the information is truly lost and not recoverable elsewhere.").

5. In a footnote, Plaintiff contends that it has no access to source code and commits made after October 31, 2022 to since-deleted IKE 2.0 branches. (D.I. 295 at 2 n.3) The court is not required to consider this argument because "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered [forfeited]." *Higgings v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) (citations omitted). Regardless, the record confirms that the deletions at issue were made on October 14, 2022, and Plaintiff has not identified any additional branches deleted from the 2023 or 2024 Plan X Repositories. (D.I. 298, Ex. 6) Consequently, Plaintiff's motion to compel Defendants to provide access to the Two Six GitHub server within a controlled environment is DENIED without prejudice.

6. Plaintiff's request for alternative relief in the form of compelling the production of a complete set of audit logs through April 2024 on the GitHub Enterprise server is also DENIED without prejudice. As previously explained, the ESI Order governing this case does not require the preservation of server, system, or network logs or IP addresses reflecting details of user access such as the dates the trade secrets were allegedly accessed by each individual. (D.I. 178; D.I. 128 at ¶ 1(d)(ii) & Sched. A) Moreover, the record indicates that audit logs would not disclose the information sought by Plaintiff because the logging of git events is an option that

3

must be affirmatively configured, and Defendants did not opt into git event logging. (D.I. 295, Ex. 2 at 7; D.I. 298, Ex. 10) Plaintiff's expert confirms that audit logs it received from August of 2022 "do not provide insight into code changes or allow tracking the code after it has left the server, such as being copied to another system." (D.I. 295, Ex. 1 at ¶ 42) Because branch deletion events were not logged in the git history, there is no basis to compel the production of the audit logs.

7. **Plaintiff's motion to compel the production of a 30(b)(6) witness for a 7-hour deposition on source code deletions is DENIED without prejudice.** Plaintiff deposed Doug Havens and Jeffrey Karrels on the subject of source code deletions. (D.I. 295, Ex. 2 at 7, Ex. 21, Ex. 23; D.I. 298, Exs. 3-4) Plaintiff relies on excerpts of this deposition testimony to support its position without providing specifics about what would be asked in an additional seven hours of testimony. (D.I. 295 at 3) Additional deposition testimony from a witness who has already been deposed is generally not permitted, and there is no basis on this record to deviate from the standard practice. *See Merck Sharp & Dohme Corp. v. Xellia Pharms. ApS*, C.A. No. 14-199-RGA, 2015 WL 11116904, at *4 (D. Del. Feb. 20, 2015) (denying motion to compel additional deposition testimony where the witness gave sufficient testimony in initial deposition, further testimony was not likely to be fruitful, and the fact discovery period was closed).

8. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to compel is DENIED without prejudice. IT IS FURTHER ORDERED that the discovery dispute teleconference set in this matter for October 3, 2024 at 3:00 p.m. is CANCELLED.

9. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be

redacted, the parties shall jointly submit a proposed redacted version by no later than **October 10, 2024**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**10.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**11.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge

5